**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

```
*******************************************
In re:                                    *
                                          *    Chapter 7
DENNY JOSEPH BRADLEY                      *    Case No. 05-20982
                                          *
   Debtor                                 *
                                          *
*******************************************
```

## ORDER GRANTING MOTION TO REOPEN AND DENYING
## MOTION FOR ENLARGEMENT OF TIME

This case was filed on June 6, 2005. On June 9, the Clerk's Notice of Chapter 7 Bankruptcy Case was mailed to creditors, including Roseanna S. Bradley ("Roseanna"), the debtor's ex-wife. As reflected in the Notice, the deadline for objecting to discharge or to the dischargeability of certain debts was set as September 6, 2005. See Fed. R. Bankr. P. 4004(a) and 4007(c). Without objection, the debtor was granted a discharge on September 7, 2005. The case was closed on September 12.

On September 13, 2005, Roseanna filed her "Motion for Extension of Time" and "Motion for Ex Parte Order Reopening Case."[1] The Motion to Reopen seeks an order reopening the case so that the Motion for Extension may be heard. The Motion for Extension seeks an order extending the deadline to file a complaint objecting to the dischargeability of certain debts.

The Motion for Extension alleges that Roseanna met with counsel shortly after the debtor filed his petition, to discuss her options with regard to the bankruptcy. On August 22, more than two weeks

---

[1] Bradley also filed her Complaint, dated September 2, 2005, on September 13. It seeks a determination of nondischargeability under § 523(a)(5) and (15).

before the deadline for filing complaints to discharge and/or dischargeability, she told her counsel she wanted to file a complaint objecting to the dischargeability of the debtor's debts to her. The motion further alleges that the complaint was drafted as of September 2, but due to "clerical error" was not filed until September 13.[2]

Roseanna's Motion to Reopen is uncontested, and there is ample cause to grant it. The Motion for Extension, however, was filed after the deadline for objecting to the dischargeability of debts and filing motions for enlargement of time within which to object to dischargeability under 11 U.S.C. § 523(c). As a result, it must be denied. Fed. R. Bankr. P. 4007(c) (permitting extension of time to file complaint under § 523(c) "for cause," if motion is "*filed before the time has expired*") (emphasis added); Datson v. Cote (In re Datson), 197 B.R. 1, 4 (D. Me. 1996) (deadline for filing objections to dischargeability, or motions for extension of deadline, runs from date first set for meeting of creditors, and is not extended by even the debtor's failure to attend first meeting); In re Gray, 156 B.R. 707, 709-10 (Bankr. D. Me. 1993) (declaring that no relief is available under Fed. R. Bankr. P. 4007(c) when a motion for extension of time is filed after the deadline contained within the rule).

Roseanna is not completely without recourse, however. Her complaint alleges grounds for a determination of nondischargeability under both § 523(a)(5) and (15). The time limits contained in Rule 4007(c) apply only to causes of action under § 523(c). Section 523(a)(5) is not within § 523(c)'s reach. In fact, a complaint "other than under § 523(c) may be filed at any time." Fed. R. Bankr. P. 4007(b). Thus, the § 523(a)(5) claim may proceed without need of an extension.

---

[2] The debtor filed a response to the Motion for Extension on September 20.

It is, therefore ORDERED that Roseanna Bradley's Motion to Reopen be, and hereby is, GRANTED. A trustee need not be appointed. Her Motion for Extension of Time shall be, and hereby is, DENIED. The complaint's § 523(a)(15) count is hereby Dismissed, with prejudice as untimely. This case shall be closed again upon termination of the § 523(a)(5) dischargeability action.

Date: September 23, 2005

        /s/ James B. Haines, Jr.
James B. Haines, Jr.,
U.S. Bankruptcy Judge